IN THE COURT OF CRIMINAL APPEALS


OF TEXAS





NO. WR-61,864-04






SHANNON MARK DOUTHIT, Relator


v.


PRESIDIO COUNTY DISTRICT CLERK, Respondent






ON APPLICATION FOR A WRIT OF MANDAMUS

CAUSE NOS. 2076 & 2102

IN THE 394TH JUDICIAL DISTRICT COURT FROM PRESIDIO COUNTY





 Per curiam.


O R D E R




 Relator has filed a motion for leave to file a writ of mandamus pursuant to the original
jurisdiction of this Court. In it, he contends that he filed applications for writs of habeas corpus
regarding two cause numbers in the 394th Judicial District Court of Presidio County, that more than
35 days have elapsed, and that these applications have not yet been forwarded to this Court. 

 On January 18, 2012, this Court issued an order advising the respondent, the District Clerk
of Presidio County to answer Relator's claim. On February 13, 2012, Respondent sent this Court
an application for writ of habeas corpus filed by Applicant in December of 2006 in cause number
2076. That application was decided by this Court in our writ number WR-61,864-02. The instant
mandamus application is relating to habeas applications filed in 2010 & 2011. Relator sent a copy
of a writ application for cause number 2076 to the Honorable Curt Steib, who then forwarded it to
Respondent with a cover letter dated April 5, 2010. Relator also alleges that he filed an initial
habeas application in cause number 2102 on June 15, 2011. The District Clerk should respond
specifically regarding these two writ applications.

 In these circumstances, additional facts are needed. The respondent, the District Clerk of 
Presidio County, is ordered to file a response, which may be made by: submitting the records on such
habeas corpus applications; submitting a copy of a timely filed order which designates issues to be
investigated, see McCree v. Hampton, 824 S.W.2d 578 (Tex. Crim. App. 1992); or stating that
Relator has not filed applications for habeas corpus in Presidio County since the last one received 
by this Court in 2008. Should the response include an order designating issues, proof of the date the
district attorney's office was served with the habeas application shall also be submitted with the
response. 

 This application for leave to file a writ of mandamus shall be held in abeyance until the
respondent has submitted the appropriate response. Such response shall be submitted within 30 days
of the date of this order.



Filed: March 28, 2012

Do not publish